WHITE OAK TRANSP. CO. et al. v. BOSTON, CAPE COD & NEW YORK CANAL CO. et al.*

(Circuit Court of Appeals, First Circuit. September 23, 1920.)

No. 1399.

Canals ⊕⇒29—Negligence of canal company held not proximate cause of injury to cargo.

Negligence of a canal company in permitting a vessel which was not fit to enter its canal, and which contributed to the first stranding of the vessel, is not the proximate cause of injury to the cargo, when the vessel sank after a second stranding, due to the negligence of the master in attempting to navigate the canal with his vessel down by the head from the first stranding, in which attempt the canal company did not concur.

Anderson, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Massachusetts.

On motion to amend decree. Motion denied.

For former opinion, see 265 Fed. 538.

Henry E. Warner, of Boston, Mass., for Northern Coal Co.

Samuel H. Pillsbury, of Boston, Mass., for Boston, Cape Cod & New York Canal Co.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The Northern Coal Company, as the owner of the cargo of the steamer Bay Port, was an intervening petitioner in the above libel. In our opinion, filed May 18, 1920, we affirmed the decree of the District Court dismissing the libel. 265 Fed. 538. The Northern Coal Company filed, and has been heard upon, its motion to amend our decree of affirmation, so that the decree of the District Court shall be reversed as to it, and it be decreed to be entitled to recover its damages and costs from the Boston, Cape Cod & New York Canal Company, upon the ground that its allegation of negligence against the Canal Company, to wit, that it was negligent in representing said canal to be safe for passage by vessels of the type and draft of the said steamer Bay Port, when it was not safe, was sustained by our opinion.

In discussing the liability of the owners of the Bay Port under the libel of the Canal Company against them we said:

"While we think the Bay Port was negligent in attempting to use the canal in her deeply laden condition, we think the Canal Company was equally at fault, in allowing her to use it, and that neither should recover for any damage

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari granted 254 U. S. —, 41 Sup. Ct. 9, 65 L. Ed. —.

which may have been suffered by reason of her attempt to go through in the condition in which she was when she entered it."

—and we also said:

"While we think the Bay Port was negligent in attempting to go through the canal, yet we also think the Canal Company was equally negligent in allowing her to enter it, and that the hazard of her attempted passage was assumed by the Canal Company with full knowledge of the risk."

We were then discussing the liability of the owners of the Bay Port under the allegations of negligence in the libel of the Canal Company that they had caused a vessel of the type of the Bay Port, and laden as she was, to enter the canal, and what we then said related to the condition of the Bay Port when she entered the canal.

The Bay Port ran aground twice in the canal. We have concurred in the finding of the District Court that neither stranding was occasioned by any negligence of the Canal Company in the construction or maintenance of the canal.

The second stranding of the steamer we have found was occasioned by the negligence of the captain of the Bay Port in attempting to navigate the canal with a vessel which was partially filled with water and down by the head to such an extent that it sheered badly. We have found that the Canal Company did not consent to the navigation of the canal by the Bay Port in her then condition, and that the owners of the Bay Port are liable to the Canal Company for whatever damages it may have sustained by reason of the attempted navigation by the Bay Port in her disabled condition.

We think that the Bay Port, when her hold was filled with water above her cargo, and she had a bad list to port, and was down by the head, was much more liable to sheer than when she entered the canal; that she had become altogether a different vessel from what she was when she entered the canal, in respect to her liability to sheer; and that it was the attempt to tow her when in this condition, when, as described by the captain of the tug boat which had her in tow, she went "from one side to the other of the canal after she came off, that she would dive from one side to the other, and this was true all the way until she struck," which was the proximate cause of her loss, and of the loss of the cargo.

We see no reason why we should modify our decree, and the entry must be—

Motion denied.

ANDERSON, Circuit Judge (dissenting). This court has already found the Canal Company negligent in inviting the Bay Port into its canal, because of the probability that what did happen would happen, to wit, that the vessel would run aground. The fact that the Bay Port ran aground twice, and that the second grounding might have been avoided if the captain had more accurately sensed the situation and been more careful, does not seem to me to prevent the original negligence of the Canal Company from continuing an efficient and proximate cause of the loss of the cargo.

267 F.—12

This cargo was lost because both the owners of the Bay Port and the Canal Company ought to have known that it was unsafe to try to take it through that canal in that type of vessel. The fact that, after this dangerous enterprise had been negligently entered upon, the captain was guilty of an additional act of negligence, does not seem to me to make that additional act of negligence the sole proximate cause of the loss of the cargo.

I think the motion should be granted.