## BURNS BROS. et al. v. COOK COAL CO.
### No. 4409.

Circuit Court of Appeals, Third Circuit.

Jan. 8, 1931

See, also, 42 F.(2d) 109.

Michael Sokol, of Newark, N. J., for appellants.

Samuel S. Forster, of Newark, N. J., for appellee.

Before WOOLLEY, Circuit Judge, and THOMSON and WATSON, District Judges.

WOOLLEY, Circuit Judge.

Although the record is informal almost to the point of being fatally defective we are disposed, in view of the "plain error" it discloses, to take the appeal within the spirit of our Rule 11 and decide the case on the merits.

After answering an involuntary petition in bankruptcy, the coal company, the alleged bankrupt which we shall call the debtor, resorting to section 19 of the Bankruptcy Act (11 USCA § 42), demanded and was accorded a trial by jury on the issues of its insolvency and the acts of bankruptcy alleged in the petition. The court directed a verdict for the debtor for lack of proof by the petitioners that the debtor was insolvent as averred and, after verdict, entered an order dismissing the petition. The petitioning creditors appealed, assigning errors to the court in its rulings on their offers of evidence as to the debtor's insolvency and

particularly in its ruling that evidence of one of the debtor's alleged acts of bankruptcy offered by the petitioners was not admissible until they had first proved its insolvency.

The petition is somewhat inartificially drawn in that it alleges the debtor committed all the alleged acts of bankruptcy "while insolvent." The first alleged act of bankruptcy is the first named in section 3a of the statute (11 USCA § 21(a)—the concealment of assets and transfer of property with intent to hinder, delay or defraud creditors. According to the terms of the statute such action constitutes an act of bankruptcy without reference to the debtor's insolvency. The act of bankruptcy next alleged, preferential payments to creditors (the second act prescribed by the cited section of the statute), and the third alleged, the appointment of a state receiver put in charge of the debtor's property (the fourth act prescribed by the statute) are acts of bankruptcy only if committed "while (the debtor is) insolvent."

We are constrained to find that in ruling out evidence of the first act of bankruptcy (concealment of assets, etc.) on the theory that before proving this act the petitioners must prove the debtor's insolvency the court fell into error. The debtor's insolvency at the time he commits an act of bankruptcy of this character is not made an element of the act to be alleged and proved by the petitioners. The debtor's solvency at the time of the filing of the petition is, however, by section 3c (11 USCA § 21(c), made a valid defense, the burden of proving which, when asserted, is placed upon the alleged bankrupt by the statute itself.

As to the first act of bankruptcy (concealment of assets), the authorities construe the statute literally and hold without exception, so far as we can find, that the debtor has the burden of proving his solvency where insolvency is not an element of the act of bankruptcy charged and where, as in this case, solvency is set up by the debtor as an affirmative defense. 7 C. J. 82; Gilbert's Collier on Bankruptcy, 122, and cases cited.

The petitioners should have been allowed to prove the first act of bankruptcy (concealment of assets) without first proving the debtor's insolvency. Their allegation that the debtor committed this act while insolvent was not required by the law and accordingly the law did not impose on the petitioners the burden of proving what was in legal effect a redundant allegation. But this is not true of the next two alleged acts of bankruptcy (preferences and receivership) with respect to which other errors are as-

signed. Evidently realizing this, the petitioners, to sustain these allegations, offered to prove the debtor's insolvency by evidence of the value of its assets as shown in sales by the state receiver. The court rejected the offer on the ground, seemingly, that the value of property cannot be determined by the proceeds of a forced sale. But in this instance the receiver sold the property at private sale. Such evidence while not conclusive has, according to ample authority, a probative bearing on the value of bankruptcy assets and, accordingly, on the question of the bankrupt's insolvency. In re Frederick Bloch (C. C. A.) 109 F. 790, 6 A. B. R. 300, 304; In re Star Spring Bed Company (D. C.) 257 F. 176, 43 A. B. R. 328. We find this evidence should have been admitted, and submitted to the jury under instructions as to its qualified value.

The petitioners, still having in mind that preferential payments and the appointment of a state receiver were acts of bankruptcy in which the debtor's insolvency was by the terms of the statute a distinct element to be alleged and proved by them, made offers of evidence of its insolvency as of the dates of the occurrence of those two acts. The learned trial judge limited the proof of insolvency to November 14, 1929, the date on which the Court of Chancery of New Jersey had found the debtor insolvent and appointed a receiver, which was a week before the petition in bankruptcy was filed.

We think the ruling was right so far as proving insolvency at the time of the appointment of the state receiver but we are constrained to hold that it was erroneous when limited to the act of bankruptcy in making preferential payments to creditors "while insolvent." A payment "while insolvent" means insolvent when the payment was made. Proof of insolvency at the time of such a payment necessarily extends back to the date of the occurrence of the event.

And, finally, we are not able to say on the record before us whether the court erred in directing a verdict when, as the petitioners contend, the debtor had failed to perform the duty, imposed on it by section 3d of the statute (11 USCA § 21(d), to produce its books, papers and accounts and testify with respect to them and when by its answer it had denied the allegation of its insolvency in relation to acts of bankruptcy in which insolvency is an element.

The order of dismissal is reversed with direction that the petition be reinstated and thereafter the proceeding be conducted in accordance with this opinion.